# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LANEAR, | CASE NO. 1:11-cv-02086 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, brings this action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Pleasant Valley State Prison (PVSP). Plaintiff names the following individual defendants: Matthew Cate, Secretary of the CDCR; Robert Trimble, Acting Warden at PVSP; F. Igbinosa, Chief Medical Officer at PVSP.

Plaintiff's allegations stem from the presence of Valley Fever at PVSP. Plaintiff alleges that he arrived at PVSP in 2009. Plaintiff alleges that at the time of his arrival, PVSP medical staff was "made aware that he suffered from asthma requiring an inhaler." Plaintiff regularly requested and received protective masks from the nursing staff at the Facility A medical clinic. In September of 2010, Plaintiff requested a protective mask from a nurse. The nurse denied Plaintiff's request, citing a new policy implemented by Defendant Igbinosa, "limiting the issuance of masks to a certain criteria of inmates." Plaintiff was advised that he did not meet this criteria.

In mid April of 2011, Plaintiff began experiencing night sweats and aching joints. The symptoms persisted and on July 18, 2011, Plaintiff was seen at the Correctional Treatment Center (CTC). Plaintiff was taken there because he had a fever of 102 and had trouble breathing. On July 22, 2011, the blood test for valley fever was negative. On August 24, 2011, the follow up blood test came back positive for valley fever. Plaintiff alleges that he was subsequently prescribed

Fluconazole, which he continues to take. Plaintiff alleges that he suffers daily due to joint and back pain, and has a diminished respiratory function.

### A. Valley Fever

Regarding Plaintiff's claim that defendants are subjecting him to a hazardous condition of confinement because of the presence of valley fever, the courts of this district have found such claims to be insufficient. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendants cannot, therefore, be held liable for subjecting Plaintiff to dangerous conditions, or for a failure to protect Plaintiff. This claim should therefore be dismissed.

### B. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

3

make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, Plaintiff fails to allege facts indicating that any of the named defendants knew of and disregarded a serious risk to Plaintiff's health. As noted, the fact that Plaintiff was knowingly housed in a facility where valley fever spores are endemic does not state a claim. Plaintiff must allege facts indicating that the treatment for Plaintiff's condition violated the Eighth Amendment prohibition on cruel and unusual punishment. Although Plaintiff alleges that a nurse denied his request for a protected mask, that incident occurred on September 2010, prior to Plaintiff's valley fever diagnosis. Further, Plaintiff alleges that the nurse was acting pursuant to Defendant Igbinosa's policy of limiting masks to inmates that meet a certain criteria. Plaintiff does not indicate what that criteria was. Plaintiff must allege facts indicating that the defendants knew of a specific harm to Plaintiff and acted with disregard to that harm. The facts here indicate that once Plaintiff was diagnosed with valley fever, the appropriate treatment was prescribed. This claim should therefore be dismissed.

### C. Supervisory Defendants

Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts indicating personal participation by any of the supervisory defendants. The supervisory defendants should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

4

1  which relief may be granted under section 1983.  The Court will provide Plaintiff with the
2  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
3  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
4  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,
5  507 F.3d at 607 (no "buckshot" complaints).

6        Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
7  hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
8  that defendant is employed and in what capacity, and explain how that defendant acted under color
9  of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must
10 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.
11 Plaintiff has failed to do so here.

12       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
13 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
14 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
15 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
16 Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

17       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
18 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
19 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
20 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
21 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
22 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
23 1474.

24       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25     1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

26     2.     The Clerk's Office shall send to Plaintiff a complaint form;

27     3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
28           amended complaint;

5

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 25, 2012**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE